IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BONENBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-00021 CDP |
| | ) | |
| THE ST. LOUIS METROPOLITAN, | ) | |
| POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S TRIAL BRIEF**

COMES NOW Plaintiff, by and through counsel, pursuant to this Court's Amended Case Management Order dated March 5, 2013 (doc. 39) and submits the following trial brief of legal and factual issues, together with anticipated substantive or procedural problems:

**I. INTRODUCTION**

Many of the factual and legal issues relating to Plaintiff's claims were briefed through Defendants' summary judgment motion, and therefore, are not discussed herein for the sake of brevity, with the exception of the elements of each cause of action. Plaintiff's summary judgment briefing is incorporated by reference as if fully set forth herein as to the factual and legal issues in this case.

**II. ANALYSIS**

    **A. Elements of Submissible Cases**

        **1. Title VII Discrimination**

Plaintiff has argued and this Court has found that his case is a direct evidence case of discrimination. Memorandum and Order, p. 10. As this Court has noted, a direct evidence case requires a plaintiff to present direct or circumstantial evidence "showing a specific link between

discriminatory animus and the challenged decision, sufficient to support a finding that an illegitimate criterion actually motivated the challenged decision." Memorandum and Order, p. 7, citing Phillipp v. ANR Freight Sys., Inc., 61 F.3d 669, 673 (8th Cir. 1995). This standard has also been articulated as sufficient evidence to show that a "discriminatory attitude was more likely than not a motivating factor in the employer's decision." Cram v. Lamson & Sessions Co., 49 F.3d 466, 471 (8th Cir. 1995). This can be done by proof of an admission that race was the reason for the action. Kerns v. Capital Graphics, Inc., 178 F.3d 1011, 1017 (8th Cir. 1999). As the Court recognized in its summary judgment ruling, once Plaintiff meets his threshold burden, the burden then "shifts to the employer to prove that it would have made the same decision even without the illegitimate criterion." Cram, 49 F.3d at 471. Even if the Defendants meet their burden of proof on this issue, they do not avoid liability but damages are limited. 42 U.S.C. § 2000e-5(g)(2)(B).

Because this is a direct evidence case, the McDonnell Douglas burden-shifting analysis is inapplicable as to Count I. Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985). A district court would commit error applying the McDonnell Douglas factors when there is direct evidence of discrimination. Carney v. Martin Luther Home, Inc., 824 F.2d 643, 648 (8th Cir. 1987).

### 2. MHRA Discrimination

The protections afforded by Title VII and the MHRA are not identical because Missouri has adopted a different definition of "'discrimination' that in some respects offers greater protection to workers than does federal law." Hill v. Ford Motor Co., 277 S.W.3d 659, 664 (Mo. banc 2009). By way of example, nothing in the MHRA requires an illegitimate criterion to be a "substantial or determining factor in an employment decision," as required by certain federal

anti-discrimination laws, it need only "contribute" to the unfair treatment. *Id.* at 665. However, it appears the Missouri Supreme Court has adopted a standard substantially similar to the federal courts in a direct evidence case, relying on Eighth Circuit precedent. Under Missouri law, in a direct evidence case a plaintiff must produce evidence showing a "link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding that an illegitimate criterion actually motivated the employment decision." <u>Daugherty v. City of Maryland Heights</u>, 231 S.W.3d 814, 818 n.4 (Mo. banc 2007), citing <u>Thomas v. First Nat'l Bank of Wayne</u>, 111 F.3d 64, 66 (8th Cir. 1997). According to the Missouri Supreme Court: "Direct evidence includes evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude, if it sufficiently supports an inference that the discriminatory attitude was more likely than not a motivating factor." *Id.*, citing <u>Radabaugh v. Zip Feed Mills, Inc.</u>, 997 F.2d 444, 449 (8th Cir. 1993).

### 3.     Section 1983 Equal Protection Clause Claim

To establish a violation of § 1983, a plaintiff must show s/he was deprived of a right secured by the Constitution or laws of the United States, which was caused by a person or persons acting under the color of state law. <u>Tipler v. Douglas County</u>, 482 F.3d 1023, 1027 (8th Cir. 2007). Based upon the parties' stipulation, whether the Defendants were acting under color of state law is not in dispute in this proceeding. The analysis of the underlying discrimination claim in a § 1983 equal protection case is essentially the same as a Title VII claim. *Id.* Therefore, the Title VII standard set forth above is incorporated by reference herein.

### 4.     Section 1981

The Eighth Circuit Court of Appeals has also applied Title VII standards to claims of

intentional employment discrimination brought under § 1981. Madison v. IBP, Inc., 330 F.3d 1051, 1060-61 (8th Cir. 2003). Therefore, the Title VII analysis set forth above would apply to Plaintiff's § 1981 claim.

     5.     **Conspiracy to Violate Civil Rights**

To establish a submissible conspiracy claim against a defendant, the plaintiff must show: (1) that the defendant conspired with others to deprive him/her of a constitutional/statutory right; (2) that at least one of the alleged conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999).

    B.     **Lt. Muxo's Statements Showing Illegitimate Criterion**

     1.     **Admissions**

Plaintiff intends to introduce into evidence statements made by Defendant Muxo to both Plaintiff and Sgt. Deborah Boelling showing that race was an illegitimate criterion in the appointment of Sgt. Taylor to the Assistant Academy Director position. Federal Rule of Evidence 801(d)(2)(A) provides that an opposing party's statement is not hearsay when "made by the party in an individual or representative capacity." Therefore, these admissions may be introduced as substantive evidence against Defendant Muxo. Rule 801(d)(2)(D) further provides that a statement is not hearsay when "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Because Defendant Muxo was an agent of the Department/Board and made statements on a matter within the scope of the relationship (who would or would not be appointed to the open Assistant Academy Director position), his statements are admissible against all other Defendants in their official capacities as well. Campbell v. Iowa, 702 F.3d 1140, 1141 (8th Cir. 2013) (suit against public employee in his/her

4

official capacity is a suit against the public employer).

### 2. Statements of Co-Conspirators

Additionally, Fed.R.Evid. 801(d)(2)(E) provides that a statement offered against an opposing party is not hearsay when it was made by the party's co-conspirator during and in furtherance of the conspiracy. This evidentiary rule should apply at trial as to Defendants Harris and Isom in their individual capacities because the Court has found sufficient evidence for Plaintiff to proceed on his civil conspiracy claim.

### C. Damages

#### 1. Equitable Relief

42 U.S.C. § 2000e-5(g)(1) provides that in the case of intentional discrimination, a court may award equitable relief to include any affirmative action deemed appropriate. Because Plaintiff has requested equitable relief to include his promotion/appointment to the Assistant Academy Director position, an issue in this case will be whether the Court should enter such an order to make Plaintiff whole, if the jury finds intentional discrimination. Nothing in § 2000e-5(g)(1) prohibits a court from fashioning this type of equitable relief, unless the Department meets its burden of proving that it would have taken the same action in the absence of the impermissible motivating factor. See 42 U.S.C. § 2000e-5(g)(2)(B). In Lander v. Lujan, 888 F.2d 153 (D.C. Cir. 1989), the District of Columbia Circuit Court held that a district court did not abuse its discretion when it ordered the plaintiff to be placed into a position he was denied as a result of intentional discrimination, even though it required bumping the current person holding the position from it. The Court noted that Title VII envisioned making victims whole and nothing in the statute showed a Congressional intent to exclude bumping as one available remedy. *Id.* at 156. See also Brown v. Ala. DOT, 597 F.3d 1160, 1186-87 (11th Cir. 2010)

(district court acted within its discretion when the plaintiff was ordered to be promoted to fill the next vacancy in position near her home). Therefore, if the jury finds that Plaintiff was intentionally discriminated against when denied the Assistant Academy Director position and Defendants would not have assigned Sgt. Taylor to the position except for her race, Plaintiff asks this Court to award equitable relief, to include but not necessarily be limited to, ordering the Department to appoint him as the Assistant Academy Director now or when the position next becomes open.

### 2. Punitive Damages

Punitive damages are not available against the members of the Board of Police Commissioners under Title VII. 42 U.S.C. § 1981a(b)(1). However, Plaintiff's §§ 1983 and 1981 claims are asserted against Defendants Isom, Harris, and Muxo in their individual capacities. Therefore, punitive damages are available against them in such capacity. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Generally in a Title VII case, punitive damages would be available when the defendant engages in discrimination with "with malice or with reckless indifference to [the employee's] federally protected rights." Browning v. President Riverboat Casino-Missouri, 139 F.3d 631, 636 (8th Cir. 1998). The same standard would be used to award punitive damages in a § 1981 discrimination case. *Id.* Generally, punitive damages are available in a § 1983 case when "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others," Williams v. Hobbs, 662 F.3d 994, 1011 (8th Cir. 2011). Because the analysis of the underlying discrimination claim in a § 1983 equal protection case is essentially the same as a Title VII claim, Plaintiff believes the Title VII standard for an award of punitive damages should apply to the claims against the individual defendants in their individual capacities under §§ 1981

and 1983.

### D. Proposed Instructions

Based upon the Complaint and the Court's summary judgment ruling, Plaintiff's remaining claims are his: (1) Title VII and MHRA claims against the members of the Board of Police Commissioners; (2) MHRA claims against the individual defendants; (3) §§ 1981 and 1983 claims against the individual defendants: and (4) conspiracy claim against the individual defendants. All of Plaintiff's claims against the individual defendants would allow him to seek punitive damages. See § 213.111.2 R.S.Mo as to the availability of punitive damages pursuant to Plainitff's MHRA claim. Because the elements of Plaintiff's federal discrimination claims against the Defendants are essentially the same as discussed above, and to avoid jury confusion by submitting the same discrimination claim under multiple theories (to include his state law claim), Plaintiff purposes that a single discrimination instruction be submitted to the jury using the 8th Circuit Court of Appeals Model Jury Instructions set forth in his Proposed Jury Instructions.

### E. Spoliation of Evidence

As a final matter, both Defendants Harris and Muxo admitted in their responses to Requests for Admissions that they exchanged emails (plural) about who would fill the Assistant Academy Director position. These emails were never produced. Additionally, notes that Akella Wicker (the Department's Human Resources Director at the time of Plaintiff's grievance) took about the grievance, to include notes during a meeting with Defendants Muxo and Harris, were never produced. The evidence in this case further shows that Ms. Wicker directed her subordinate to preserve notes related to Plaintiff's grievance and that Plaintiff sent a preservation letter to the Department on January 19, 2012 before Ms. Wicker's notes disappeared. Because

7

documents relevant to this proceeding have never been produced to Plaintiff, he will ask to be permitted to draw an adverse inference from what appears to be the Department's intentional destruction of evidence in this case. See e.g. Stevenson v. Union Pac. R.R., 354 F.3d 739, 746-50 (8th Cir. 2004).

        Respectfully submitted,

        **PLEBAN & PETRUSKA LAW, L.L.C.**

        By: /s/ Lynette M. Petruska
          C. John Pleban, #24190MO
          Lynette M. Petruska, #41212MO
          Brandy B. Barth, #56668MO
          2010 S. Big Bend Blvd.
          St. Louis, MO 63117
          Telephone: (314) 645-6666
          Facsimile: (314) 645-7376
          lpetruska@plebanlaw.com

          Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 30th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to: Dana Walker Tucker, Chief Counsel, Eastern Region, and Christopher R. Hoell, Office of the Missouri Attorney General, P.O. Box 861, St. Louis, MO 63188, attorneys for Defendants.

          /s/ Lynette M. Petruska