IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BONENBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-00021 CDP |
| | ) | |
| THE ST. LOUIS METROPOLITAN, | ) | |
| POLICE DEPARTMENT, et al., | ) | |

## PLAINTIFF'S MOTION IN LIMINE

COMES NOW Plaintiff, by and through counsel, pursuant to this Court's Amended Case Management Order dated March 5, 2013 (doc. 39), and files the following motion in limine. Plaintiff asks that the Court enter its order that all counsel, parties, and witnesses be instructed to refrain from mentioning, referring to, introducing evidence, arguing, or attempting to convey to the jury in any manner (to include during voir dire), any of the subjects listed below, either directly or indirectly. Plaintiff notes that in submitting this Motion in Limine she addresses exhibits to which she has objection in lieu of filing a redundant list of objections. Plaintiff objects to Defendants' Exhibits E and I for the reasons set forth in more detail below.

1. The Defendants intend to introduce evidence that they investigated Plaintiff's allegations of discrimination through a consultant and concluded that no discrimination had occurred. In this regard, Defendants' have indicated that they intend to introduce Defendants' Exhibit E, an undated report prepared by HR Performance Strategies evaluating the grievance Plaintiff submitted to the Department. The report contains many self-serving statements on the part of the Defendants and their agents, which are hearsay for which no exception applies. Additionally, the report invades the province of the jury, which is charged with making the determination as to whether illegal discrimination occurred in this case. The unsigned report

also offers opinion evidence when the drafter was never endorsed as an expert witness by the Defendants and has not been endorsed to testify in the case. Additionally, the report is incomplete because Lt. Col. Reggie Harris and then Chief Isom were never interviewed by the purported investigator. Additionally, the self-serving report contains no analysis of the applicable law, but simply the writer's personal opinions. Therefore, the report at issue is not relevant to this proceeding because it does not have the tendency to make any fact more or less probable than it would be without the evidence. FRE 401. Even if the report is marginally relevant to this proceeding, which Defendant does not concede, it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury. FRE 403.

2. The Defendants have stated that they intend to introduce the scores and clusters of those who participated in the promotional exam from sergeant to lieutenant in 2012. See Defendants Exhibit I, the 2012 promotion list. This exam was taken well after Plaintiff and Sgt. Angela Taylor applied for the Assistant Academy Director position, and therefore, could not be relied upon by any of the decisionmakers in making the decision to assign Sgt. Taylor to the Academy. Additionally, the issue in this case is whether being denied the specialized assignment as Assistant Academy Director was an adverse employment action within the context of the Police Department because it offers more opportunity for advancement, is a more prestigious assignment; affects future career prospects; is considered a more prestigious unit/division with significantly different working conditions; and/or involves a change in status, among other things. See e.g. Davis v. City of Sioux City, 115 F.3d 1365, 1369 (8th Cir. 1997); MacGregor v. Mallinkrodt, Inc., 373 F.3d 923, 930 (8th Cir. 2004); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919-20 (8th Cir. 2000); Tadlock v. Powell, 291 F.3d 541, 546-547 (8th Cir. 2002); Sallis v.

Univ. of Minn., 408 F.3d 470, 476 (8th Cir. 2005); and Box v. Principi, 442 F.3d 692, 696 (8th Cir. 2006). The issue in this case is not whether Plaintiff is likely to be promoted from the 2012 promotion list. Therefore, the promotion list is not relevant to this proceeding because it does not have a tendency make any fact more or less probable than it would be without the evidence. FRE 401. Even if the promotion list is marginally relevant to this proceeding, which Defendant does not concede, it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury. FRE 403.

3. Defendants have taken the position in their Motion in Limine that Sgt. Deborah Boelling's removal from the position of Assistant Academy Director is not at issue in this case, and therefore, she should not be permitted to testify as to why she was removed from the position. If Sgt. Boelling's testimony as to why she was told she was removed from the position of Assistant Academy Director is not an issue in this case, Defendants should also be prohibited from offering testimony as to why Sgt. Boelling was removed from the Academy for the same reason.

4. Defendants have also taken the position in their Motion in Limine that information from the personnel files of the Defendants regarding disciplinary action is inadmissible under FRE 404(b), 608, 401, 402, and 403. The same would be true of Plaintiff and evidence of his disciplinary record should also be excluded from the trial of this case.

5. Finally, the Defendants may attempt to present evidence that Plaintiff was told that he filed his grievance relating to the Assistant Academy Director position incorrectly and that his grievance could be re-filed, even though out of time. This evidence has nothing to do with whether Plaintiff was discriminated against and should not be permitted because irrelevant and/or its probative value is outweighed by the danger of unfair prejudice, confusing the issues,

and/or misleading the jury. FRE 401 and 403.

6. Defendants have further stated their intention to call Don Le as a witness in this case. Mr. Le was never identified as a witness either through Initial Disclosures or through discovery, and therefore, should not be permitted to testify.

WHEREFORE, Plaintiff requests that all counsel, parties, and witnesses be instructed to refrain from mentioning, referring to, introducing evidence, arguing, or attempting to convey to the jury in any manner (including voir dire) any of the subjects listed above, either directly or indirectly, and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, L.L.C.**

By: /s/ Lynette M. Petruska
C. John Pleban, #24190MO
Lynette M. Petruska, #41212MO
Talmage E. Newton IV, #56647MO
2010 S. Big Bend Blvd.
St. Louis, MO 63117
Telephone: (314) 645-6666
Facsimile: (314) 645-7376

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to: Dana Walker Tucker, Chief Counsel, Eastern Region, and Christopher R. Hoell, Office of the Missouri Attorney General, P.O. Box 861, St. Louis, MO 63188, attorneys for Defendants.

/s/ Lynette M. Petruska