IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BONENBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-CV-00021 CDP |
| ) | |
| THE ST. LOUIS METROPOLITAN, ) | |
| POLICE DEPARTMENT, et al., ) | |

### PLAINTIFF'S MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE AND SUPPORTING MEMORANDUM

Comes Now Plaintiff, David Bonenberger, by and through counsel, and in support of this motion states to the Court as follows:

1. On January 5, 2012, Plaintiff filed the instant lawsuit against the Defendants. His EEOC charge of discrimination was filed on December 9, 2010.

2. Plaintiff received information that emails existed between Defendants Muxo and Harris regarding the Assistant Director position, which information was later confirmed through Defendants Muxo and Harris' admissions, as set forth in more detail in paragraph 5 below.

3. On January 19, 2012, Plaintiff's counsel sent a preservation letter to the Defendants to ensure the preservation of these emails and other potentially relevant documents. Exhibit 1 attached hereto and incorporated by reference herein.

4. As the Court may recall, on April 26, 2012, during the Scheduling Conference, Plaintiff's counsel advised both opposing counsel and the Court of this preservation letter as it related to the emails Plaintiff had heard existed.

5. On June 27, 2012, Plaintiff served his First Request for Production of

Documents Directed to All Defendants.  See Exhibit 2 attached hereto an incorporated by reference herein.  In this Request for Production, Plaintiff requested:

    a.    Any and all communications (to include emails) about the Assistant Academy Director position and/or the filling of the position before it was announced as an open position in September 2010, to include but not be limited to any emails exchanged between Lt. Col. Harris and Lt. Muxo. (RFP No. 10)

    b.    Any and all documents relating and/or pertaining to any communications (to include but not be limited to emails) amongst and/or between any of the Defendants relating and/or pertaining to the open Assistant Academy Director position in September 2010 and/or the filling of the open position, to include but not be limited to who would/should fill the open position and/or any criteria for filling the open position. (RFP No. 14)

    c.    Any and all documents relating and/or pertaining to any communications (to include emails) between any Defendant and the Plaintiff, Sgt. Angela Taylor, Sgt. James Buckeridge, and/or any other officer who applied for the Assistant Academy Director position relating and/or pertaining to the position. (RFP No. 15)

    d.    Any and all documents relating and/or pertaining to any communications (to include emails) with or between the Defendants (including the Board) regarding Plaintiff's grievance and/or any charge/allegation of discrimination made by Plaintiff after he was denied the Assistant Academy Director position.  (RFP No. 24)

2

  e. Any and all documents relating and/or pertaining to any communications (to include emails) by or between the Department's Human Resources Department regarding Plaintiff's grievance and/or charge of discrimination after he was denied the Assistant Academy Director position. (RFP No. 25)

  6. On the same day, June 27, 2012, Plaintiff directed Requests for Admissions to Defendants Muxo and Harris.  While these Defendants denied every other Request for Admission, they **both** admitted that they exchanged emails (plural) about who would fill the open Assistant Academy Director position.  Exhibits 3a and 3b.

  7. None of the emails Defendants Muxo and Harris admitted they exchanged about who would fill the open Assistant Academy Director position were produced pursuant to Request for Production No. 10.

  8. Additionally, the Defendants did not produce any emails exchanged between Plaintiff and Defendant Muxo as requested in Request for Production No. 15, even though Plaintiff sent two emails to Defendant Muxo about the open position as evidenced by emails Plaintiff produced in discovery.

  9. While Plaintiff understands that he is not prejudiced by the Department failing and/or refusing to produce emails he has in his possession that he sent to Lt. Muxo, the fact that the Department did not produce emails that should be on the Department's server about the Assistant Academy Director position, which were responsive to a document request support his contention that the Defendants intentionally deleted emails from the Department's server.

  10. Additionally and without waiver of the foregoing, Akella Wicker testified

that she had a meeting with Defendants Muxo and Harris about the Bonenberger grievance after it was filed. Conveniently, Ms. Wicker could not remember what occurred during this meeting but testified that she took notes of this meeting and other meetings related to the Bonenberger grievance. Ms. Wicker testified that she either destroyed these notes in May 2012 (after Plaintiff sent a preservation letter) or gave them to Jennifer Chestnut Strada, Assistant General Counsel for the Department. These notes have never been produced to Plaintiff, although they should have been if in possession of the Department's Legal Division.

11. In <u>Hallmark Cards, Inc. v. Murley</u>, 703 F.3d 456, 461 (8th Cir. 2013), the 8th Circuit Court of Appeals held that a court should make an explicit finding of bad faith and prejudice before giving an adverse inference instruction based upon the destruction of evidence. It is clear that such a finding is required when evidence is destroyed pre-litigation. While some language in <u>Hallmarks Cards, Inc.</u> suggests a different standard applies to pre-litigation as opposed to the during litigation destruction of evidence, because the case involved the destruction of evidence during litigation, Plaintiff believes this standard applies in both situations.

12. Bad faith is determined by whether the destruction of evidence was intentional and indicates a fraud or desire to suppress the truth. <u>Stevenson v. Union Pac. R.R.</u>, 354 F.3d 739 (8th Cir. 2004).

13. Here there is no evidence that the documents at issue were inadvertently destroyed pursuant to a routine program. To the contrary, the emails would have had to have been intentionally deleted from Defendants Muxo and Harris' email accounts.

14. Defendant Harris testified that the Department is not allowed to delete

emails, and therefore, these emails could not have been deleted pursuant to any routine policy.

15. Similarly, the notes Ms. Wicker took of her meeting with Defendants Muxo and Harris were either destroyed by Ms. Wicker in May 2012, after Plaintiff sent a letter requesting the preservation of evidence, or after they were sent to the Department's Legal Division because identified as relevant to Plaintiff's Charge of Discrimination. In either event there is reason to believe that the destruction was intentional, indicative of a desire to suppress the truth.

16. Prejudice looks to the nature of the evidence destroyed in the case. *Id.* at 748. The documents at issue here were emails exchanged about who would fill the open Assistant Academy Director position and what Defendants Harris and Muxo said about the grievance Plaintiff filed regarding the Assistant Academy Director position at the time the grievance was made. The loss of emails showing that Sgt. Taylor was selected for the open position before it was posted and/or that Defendant Harris wanted Sgt. Taylor for the position and the reason(s) for his choice would be highly prejudicial to Plaintiff, particularly in this case where the emails could corroborate one witness' testimony that Sgt. Taylor was selected for the position before it was posted and two witnesses' testimony that this selection was race-based. The loss of any contemporaneous communications about the open position or about Plaintiff's grievance (particularly when witnesses either deny the grievance conversation took place or cannot recall what was said during it) is prejudicial to Plaintiff. *Id.*

WHEREFORE, for the reasons set forth herein, Plaintiff requests that this Court impose sanctions against Defendants for the intentional destruction of evidence in bad

5

faith that is prejudicial to Plaintiff by submitting an adverse inference instruction to the jury and allowing the jury to draw an adverse inference that this evidence would be favorable to Plaintiff, and for such other relief as this Court deems appropriate under the circumstances.

                                          Respectfully submitted,

                                          **PLEBAN & PETRUSKA LAW, LLC**

                                             /s/ Lynette M. Petruska
                                        C. John Pleban, #4066
                                        Lynette M. Petruska, #15580
                                        2010 S. Big Bend Blvd.
                                        St. Louis, MO 63117
                                        314-645-6666
                                        FAX: 314-645-7376

                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of August, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to: Dana Walker Tucker, Chief Counsel, Eastern Region, and Christopher R. Hoell, Office of the Missouri Attorney General, P.O. Box 861, St. Louis, MO 63188, attorneys for Defendants.

                                           /s/ Lynette M. Petruska