UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BONENBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV21 CDP |
| | ) | |
| ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This motion for equitable relief is before me following a jury verdict in favor of St. Louis police officer David Bonenberger on his claims that he was subjected to racial discrimination when he was refused the position of Assistant Director of the St. Louis Police Academy. The jury awarded Bonenberger $620,000 in actual and punitive damages. Bonenberger now asks that I order six items of equitable relief, including an injunction against further discrimination, the requirement that command staff undertake anti-discrimination training, and an order that the Department follow its own internal discrimination complaint reporting requirements. I will grant the above remedies, because they are tailored to the harm suffered by Bonenberger and will help limit further discrimination within the Department. I will not order that Bonenberger be transferred to the position he was denied, in part because the transfer would hurt an innocent party and will likely

disrupt the Academy's function. Nor will I order equitable relief relative to the interviewing process, because the discrimination here was alleged to occur outside of that process. Finally, because the case has already received sufficient publicity, I will not require the dissemination of my judgment within the Department.

## Background

David Bonenberger brought suit claiming that he was not given the position of Assistant Director of the St. Louis Police Academy because of his race. None of the applicants for the position possessed the minimum qualifications, and Bonenberger was not granted an interview. The position ultimately went to an applicant of a different race who also was not interviewed.

Bonenberger sued the St. Louis Metropolitan Police Department, the members of the Board of Police Commissioners in their official capacities, Academy Director Lt. Michael Muxo, Lt. Col. Reggie Harris, and former Chief of Police Daniel Isom, alleging race discrimination. He also alleged Muxo and Harris, Muxo's commanding officer, conspired to discriminate against him. The jury found in favor of Bonenberger on his race discrimination and conspiracy claims. It awarded him actual damages of $200,000 and punitive damages totaling $420,000.

Bonenberger now asks that I grant a number of equitable remedies: (1) order the defendants to transfer him to the position of Assistant Academy Director; (2)

enjoin the defendants from transferring or assigning officers to positions based upon race; (3) order the Department to follow its policies regarding reporting of discrimination complaints; (4) order an EEOC officer to be present during interviews conducted for open positions within the Department; (5) order command staff to attend annual anti-discrimination training for the next three years; and (6) order the defendants to publish this court's judgment.

## Discussion

"A district court is obligated to grant a plaintiff who has been discriminated against on account of his [or her] race . . . the most complete relief possible." *Briseno v. Cent. Technical Cmty. Coll. Area*, 739 F.2d 344, 347 (8th Cir. 1984). A court may exercise its discretion to fashion injunctive relief to remedy the effects of racial discrimination. *Briscoe v. Fred's Dollar Store*, 24 F.3d 1026, 1028 (8th Cir. 1994). An injunction should be tailored to the harm suffered. *See E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 557 (8th Cir. 1998) ("Provisions of an injunction may be set aside if they are broader than necessary to remedy the underlying wrong.") (citing *Easley v. Anheuser–Busch, Inc.*, 758 F.2d 251, 263 (8th Cir. 1985)).

Bonenberger asks that I order the Department to appoint him to the position of Assistant Academy Director immediately or, alternatively, as soon as the position opens. In deciding whether to order a plaintiff's instatement, the court must balance the equities of making the plaintiff whole, the possibility that an

innocent incumbent may be injured, and the effect of such an order on the workplace involved. *See E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318, 334–35 (8th Cir. 1986). The court may also consider whether the position sought is high level, unique, or unusually sensitive and whether extreme animosity exists between the plaintiff and defendant. *Dickerson v. Deluxe Check Printers, Inc.*, 703 F.2d 276, 280–81 (8th Cir. 1983) (citations omitted).

The position Bonenberger seeks is both unique and high level. It would require close collaboration with the Academy Director – one of the defendants, whom Bonenberger now alleges made false statements under oath at trial to conceal the conspiracy. It is highly probable that these continued allegations would result in substantial antagonism and interfere with the operations of the Academy. Bonenberger's appointment would also harm the innocent party that now holds the position. Bonenberger has been sufficiently compensated by the actual and punitive damages awarded by the jury and has not suffered any lower pay in the interim. The equities here do not favor appointing Bonenberger as the Assistant Academy Director.

Bonenberger next asks that I enjoin the defendants from transferring and assigning officers based on race. I have a "duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418

(1975) (quotation omitted). The Board's oversight over the Department remains intact,[1] and the command-staff defendants largely remain in the same supervisory positions.[2] Given that the jury found that race was a motivating factor in the defendants' employment decision, I will enjoin the Department to refrain from illegal discrimination based on race in future employment decisions. *See EEOC v. FLC & Bros. Rebel, Inc.*, 663 F. Supp. 684, 870 (W.D. Va. 1987), *aff'd*, 846 F.2d 70 (4th Cir. 1988).

I will order the Department to follow its policies regarding reporting of discrimination complaints. Bonenberger provided evidence from a former member of the Board of Police Commissioners who related that the Board was not routinely informed of discrimination complaints, in contravention of a policy on the subject. In a case involving excessive force by St. Louis police, Judge Webber found that the Board had "created an insulating barrier which prevents notice of complaints from reaching the Commissioner Defendants." *Rohrbough v. Hall*, No. 4:07CV996 ERW, 2008 WL 4722742, at *13 (E.D. Mo. Oct. 23, 2008). Continued violation of its own rules perpetuates the risk for future discrimination by the command staff, and the Board should be notified of complaints per Department policy.

---

[1] Following the jury trial, the State of Missouri relinquished control of the St. Louis Metropolitan Police Department in favor of the City. Mayor Francis Slay, formerly an ex officio member of the Board, now has more direct control.

[2] Chief of Police Daniel Isom retired before the trial.

I will also order Lt. Michael Muxo, Lt. Col. Reggie Harris, and the current Chief of Police to attend training designed to enable them, as command staff, to detect and prevent discrimination within the Department. The training shall consist of at least one class lasting three hours or more, which shall take place during each of years 2014, 2015 and 2016. This requirement is ordered in light of the jury's finding for Bonenberger on his conspiracy claim against Muxo and Harris and the jury's decision to award punitive damages against Muxo, Harris, and former Chief Isom.

Bonenberger asks that I order a representative from the EEOC be present during all interviews. However, Bonenberger has not established that this relief could prevent the type of discrimination to which he was subjected. Bonenberger was not granted an interview and the position was filled without conducting an interview. The requested relief is broader than required and, therefore, inappropriate in this instance. *See Easley v. Anheuser–Busch, Inc.*, 758 F.2d at 263.

Bonenberger finally asks that I order the department to publish this Court's final judgment, including any equitable relief awarded, to encourage the reporting of illegal discrimination by officers. This trial, and the jury's award, received extensive press coverage. Bonenberger's attorneys also made statements to the

press, and Bonenberger currently serves as president of a police officers' union. Further publication of the judgment by the command staff is unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for equitable relief [# 101] is granted in part. Defendants will be enjoined from any illegal use of race when transferring or assigning officers. Defendants will also be ordered to comply with St. Louis Metropolitan Police Department policies related to the reporting of discrimination complaints to the Board of Police Commissioners. Lt. Michael Muxo, Lt. Col. Reggie Harris, and the current Chief of Police will be ordered to undergo anti-discrimination training for at least one session lasting three hours during each of calendar years 2014, 2015, and 2016. All other equitable relief is denied.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2014.