UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


| | |
|---|---|
| DAVID BONENBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-CV-21-CDP |
| | ) |
| THE ST. LOUIS METROPOLITAN POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |


JURY TRIAL

VOLUME 3


BEFORE THE HONORABLE CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


AUGUST 21, 2013



APPEARANCES:

For Plaintiff:       Brandy B. Barth, Esq.
                     Lynette M. Petruska, Esq.
                     **PLEBAN & PETRUSKA LAW, L.L.C.**
                     2010 S. Big Bend Blvd.
                     St. Louis, MO  63117

For Defendants:      Christopher R. Hoell, AAG
                     Dana W. Tucker, AAG
                     **ATTORNEY GENERAL OF MISSOURI**
                     P.O. Box 861
                     St. Louis, MO  63188

*REPORTED BY:*       *Gayle D. Madden, CSR, RDR, CRR*
                     *Official Court Reporter*
                     *United States District Court*
                     *111 South Tenth Street, Third Floor*
                     *St. Louis, MO  63102*
                     *(314) 244-7987*

# <u>INDEX</u>

Exhibits . . . . . . . . . . . . . . . . . . . . . Page    3

Jury Instruction Conference
(See previously filed excerpted transcript, Document #112.)

Jury Instructions . . . . . . . . . . . . . . . . . Page    7

Closing Arguments
(See previously filed excerpted transcript, Document #105.)

Jury Note . . . . . . . . . . . . . . . . . . . . . Page   19

Verdict . . . . . . . . . . . . . . . . . . . . . . Page   26

1          (Proceedings began at 8:34 a.m.)

2          (The following proceedings were held outside the hearing

3    and presence of the Jury.)

4          THE COURT:  All right.  Good morning.  First, there

5    was an issue with the exhibits, and I guess the Plaintiff

6    wants to include exhibits that were actually marked as

7    Defendants' Exhibits and are going in for Defendant, is that

8    right?

9          MS. PETRUSKA:  Yes, Your Honor.  We believe we used

10   our exhibits.  We're not a hundred percent sure, but we

11   thought that's what we used when we were presenting them to

12   the Jury.

13         THE COURT:  Okay.  And these are numbers -- the ones

14   we're talking about are 36, 47, 39, and 19?

15         MS. PETRUSKA:  I believe.  Where's the list?

16         THE COURT:  Okay.  I show that you did with 36 and

17   that I received it into evidence.  47, the same.  19, I don't

18   know for sure.  And 39, I don't know for sure.  Is there an

19   objection to our sending them in twice?

20         MS. TUCKER:  I'm sorry, Your Honor?

21         THE COURT:  Do you object to my sending them in even

22   if you used them?  I mean if they're the same document.

23         MS. TUCKER:  If it's the same document, no, Your

24   Honor, I don't really object.

25         THE COURT:  Okay.  So even if they haven't been

1   previously received, I'll receive Exhibits 36, 47, 39, and 19,

2   and they can go to the Jury even though they're duplicates of

3   what the Defendant's got.

4           Joe, would you hand these down?

5           And then any other discussion about the exhibits that

6   we need to take up?  We talked about whether there were any

7   that you did not use.  For instance, I'm looking at this list,

8   and I see #12, I'm not sure; #23 or 25, #30, I'm not sure

9   about.  So there were several.  Do you have a list?

10          MS. PETRUSKA:  Yes, Judge, and we -- we reviewed all

11  of that several times yesterday, and we would agree that some

12  of the things that we marked as "will use" were not used or

13  that were agreed to on stipulations were not used.

14          THE COURT:  And so are you going to withdraw them?

15          MS. PETRUSKA:  That is correct, Your Honor.

16          THE COURT:  Okay.  So will you give me the list?  And

17  you all have worked this out, I take it?

18          MS. TUCKER:  Yes, Your Honor.

19          THE COURT:  Okay.

20          MS. PETRUSKA:  Yes.  It would be 12, 14, 23, 25, 30,

21  32, 33, 38, 48, and 49.

22          THE COURT:  All right.  The exhibits just listed then

23  are withdrawn and are no longer in evidence in the case and

24  will not be sent to the Jury.  Okay.  Thank you.

25          MS. PETRUSKA:  Thank you, Your Honor.

1           (See previously filed Excerpt of Jury Instruction

2    Conference, Document #112.)

3           MS. PETRUSKA:  Judge, could I ask a question before

4    you go in?  My intention would be I want to argue from the

5    podium, but I do want to use some exhibits.  Can Ms. Barth put

6    the exhibits on?

7           THE COURT:  Sure, sure.

8           MS. PETRUSKA:  Great.  That's all I wanted to check.

9           MS. BARTH:  I have one additional thing before we --

10   we have to clean up the record with that deposition.  Do you

11   want me to submit it on the record?  We have an agreed

12   testimony.

13          THE COURT:  No.  If you'll just give it to me in

14   writing, I'll endorse it and it'll be put in the file.

15          MS. BARTH:  Okay.

16          THE COURT:  I'll sign it, and that way it will be

17   clear.

18       (Court recessed from 10:28 a.m. until 10:34 a.m.)

19       (The following proceedings were held outside the hearing

20   and presence of the Jury.)

21          THE COURT:  Okay.  Are you all ready for your

22   arguments?  You've given Carol your warning times and all of

23   that?

24          MS. PETRUSKA:  Yes, Your Honor.

25          THE COURT:  And then do any of you object to my

1    reading the first 16 of these instructions before the

2    arguments?

3              MS. TUCKER:  No, Your Honor, I have no problem.

4              MS. PETRUSKA:  I'd prefer it because I am going to

5    use some in the argument.

6              THE COURT:  Yeah, and then after the arguments, I'll

7    read Instruction #17 and the verdict form, but you can use the

8    verdict form if you want to in the -- in the arguments.  I

9    just won't have read it to them yet.

10             MS. PETRUSKA:  Okay.  Thank you.

11             MS. TUCKER:  Thank you.

12             THE COURT:  Okay.  All right.  Do you want to go get

13   the Jury?

14        (The following proceedings were held within the hearing

15   and presence of the Jury.)

16             THE COURT:  Good morning, members of the Jury.  We're

17   again in session, and I apologize for the lateness.  Sometimes

18   the law takes longer than we think it would.  As I told you

19   yesterday, what -- what we're going to do this morning is hear

20   the closing arguments of the lawyers, and as I told you

21   before, the closing arguments of the lawyers are not evidence.

22   They're simply your -- their arguments to you about how they

23   believe you should view the evidence.  The law that applies to

24   the case is set forth in instructions, and I'm going to read

25   most of those to you now.  I'll give you an additional

1    instruction after the arguments.  These -- all right.

2         So, members of the Jury, the instructions I gave at

3    the beginning of the trial and during the trial are still in

4    effect, and now I'm going to give you some additional

5    instructions.  You have to follow all of my instructions, the

6    ones I gave you earlier as well as those I give you now.  Do

7    not single out some instructions and ignore others because

8    they are all important.  This is true even though I'm not

9    going to repeat some of the instructions I gave you at the

10   beginning of trial.  You will have copies of the instructions

11   I am about to give you now in the jury room.  This does not

12   mean that some instructions are more important than others.

13   Remember, you have to follow all the instructions, no matter

14   when I give them, whether or not you have written copies.

15        I have not intended to suggest what I think your

16   verdict should be by any of my rulings or comments during the

17   trial.

18        In deciding what the facts are, you may have to

19   decide what testimony you believe and what testimony you do

20   not believe.  You may believe all of what a witness said or

21   only part of it or none of it.  You may consider the witness'

22   intelligence, the opportunity the witness had to see or hear

23   the things testified about, the witness' memory, knowledge,

24   education, and experience, any reasons a witness might have

25   for testifying a certain way, how a witness acted while

1   testifying, whether a witness said something different at an

2   earlier time, whether a witness' testimony sounded reasonable,

3   and whether or to what extent a witness' testimony is

4   consistent with other evidence that you believe.  In deciding

5   whether to believe a witness, remember that people sometimes

6   hear or see things differently and sometimes forget things.

7   You will have to decide whether a contradiction is an innocent

8   misrecollection or a lapse of memory or an intentional

9   falsehood, and that may depend on whether it has to do with an

10  important fact or only a small detail.

11          You will have to decide whether certain facts have

12  been proved by the greater weight of the evidence.  It's also

13  sometimes called the preponderance of the evidence.  A fact

14  has been proved by the greater weight or preponderance of the

15  evidence if you find that it is more likely true than not

16  true.  You decide that by considering all of the evidence and

17  deciding what evidence is more believable.  You have probably

18  heard the phrase "proof beyond a reasonable doubt."  That is a

19  stricter standard than "more likely true than not true."  It

20  applies in criminal cases but not in this civil case, so put

21  it out of your mind.

22          Your verdict must be for the Plaintiff and against

23  Defendants, the members of the Board of Police Commissioners,

24  on the Plaintiff's race discrimination claim if all of the

25  following elements have been proved.  First, the members of

1    the Board of Police Commissioners did not transfer the

2    Plaintiff to the position of Assistant Academy Director and,

3    second, the Plaintiff's race was a motivating factor in the

4    Defendants' decision.  If either of the above elements has not

5    been proved, your verdict must be for the Defendants and you

6    need not proceed further in considering this claim.  The

7    members of the Board of Police Commissioners act only through

8    their agents or employees, and any agent or employee of an

9    organization may bind the organization by acts and statements

10   made while acting within the scope of the authority delegated

11   to the agent by the organization or within the scope of his or

12   her duties as an employee of the organization.

13        Your verdict must be for the Plaintiff and against

14   Defendant Daniel Isom on the Plaintiff's race discrimination

15   claim if all the following elements have been proved.  First,

16   Defendant Daniel Isom did not -- I have a typo here.  I

17   apologize.  I've got this written twice.  So here's what it

18   should say.  Defendant Daniel Isom did not transfer the

19   Plaintiff to the position of Assistant Academy Director.

20   Thank you.  And, second, the Plaintiff's race was a motivating

21   factor in the Defendant's decision.  If either of the above

22   elements has not been proved, your verdict must be for the

23   Defendants -- I'm sorry.  We spent a long time doing this, but

24   we also made more typos.  This instruction just -- oh, let me

25   see.  Carol, would you come up, and I'm going to trade you

1   some instructions to correct my typos.

2          THE CLERK:  Okay.

3          THE COURT:  Come on over, and I'll do this.  I made

4   this same typo in several of these instructions, so I'm going

5   to try to fix it, and I'm going to give you these three.

6          THE CLERK:  6, 7, and 8?

7          THE COURT:  Uh-huh, 6, 7, and 8.  Yeah, I've got it

8   on all of them, so I'll trade you those.

9          Okay.  We're going to try this again.  So Instruction

10  6, I'm going to read again and get these without my -- all the

11  typos, and I apologize.

12         So Instruction 6 is:  Your verdict must be for the

13  Plaintiff and against Defendant Daniel Isom on the Plaintiff's

14  race discrimination claim if all of the following elements

15  have been proved.  First, Defendant Daniel Isom did not

16  transfer the Plaintiff to the position of Assistant Academy

17  Director and, second, the Plaintiff's race was a motivating

18  factor in the Defendant's decision.  If either of the above

19  elements has not been proved, your verdict must be for the

20  Defendant and you need not proceed further in considering this

21  claim.

22         Instruction 7:  Your verdict must be for the

23  Plaintiff and against Defendant Reggie Harris on the

24  Plaintiff's race discrimination claim if all of the following

25  elements have been proved.  First, Defendant Reggie Harris did

1   not transfer the Plaintiff to the position of Assistant

2   Academy Director and, second, the Plaintiff's race was a

3   motivating factor in the Defendant's decision.  If either of

4   the above elements has not been proved, your verdict must be

5   for the Defendant and you need not proceed further in

6   considering this claim.

7           Your verdict must be for the Plaintiff and against

8   Defendant Michael Muxo on the Plaintiff's race discrimination

9   claim if all of the following elements have been proved.

10  First, Defendant Michael Muxo did not transfer the Plaintiff

11  to the position of Assistant Academy Director and, second, the

12  Plaintiff's race was a motivating factor in the Defendant's

13  decision.  If either of the above elements has not been

14  proved, your verdict must be for the Defendant and you need

15  not proceed further in considering this claim.

16          Instruction 9:  As used in these instructions, the

17  Plaintiff's race was a motivating factor if the Plaintiff's

18  race played a part in a Defendant's decision not to transfer

19  the Plaintiff as the Assistant Academy Director; however, the

20  Plaintiff's race need not have been the only reason for a

21  Defendant's decision not to appoint or transfer the Plaintiff

22  to the position.

23          If you find in favor of the Plaintiff under

24  Instructions 5, 6, 7, or 8, then you must answer the following

25  question in the verdict form.  Has it been proved that the

1   Defendants would not have transferred Plaintiff to the

2   position of Assistant Academy Director regardless of his race?

3        Instruction 11:  Although there are several

4   Defendants in this action, it does not follow from that fact

5   alone that if one Defendant is liable to the Plaintiff all

6   Defendants are liable.  Each Defendant is entitled to a fair

7   consideration of the evidence.  No Defendant is to be

8   prejudiced if you find against any of the others.  Unless

9   otherwise stated, all instructions I give you govern the case

10  as to each Defendant.

11       Instruction 12:  You may not return a verdict for the

12  Plaintiff just because you might disagree with the Plaintiff's

13  decision or believe it to be harsh or unreasonable.

14       Instruction 13:  Your verdict must be for the

15  Plaintiff and against Defendant Reggie Harris on the

16  Plaintiff's claim of conspiracy if the following elements have

17  been proved.  First, the Defendant conspired with Defendant

18  Michael Muxo to discriminate against Plaintiff by not

19  transferring Plaintiff to the position of Assistant Academy

20  Director because of his race and, second, that the Defendant

21  or a coconspirator engaged in an overt act in furtherance of

22  the conspiracy and, third, Plaintiff was thereby damaged.  If

23  any of the above elements has not been proved, your verdict

24  must be for the Defendant on this claim.

25       Instruction 14:  Your verdict must be for the

1    Plaintiff and against Defendant Michael Muxo on the

2    Plaintiff's claim of conspiracy if the following elements have

3    been proved.  First, the Defendant conspired with Defendant

4    Reggie Harris to discriminate against Plaintiff by not

5    transferring Plaintiff to the position of Assistant Academy

6    Director because of his race, second, that the Defendant or a

7    coconspirator engaged in an overt act in furtherance of the

8    conspiracy, and, third, Plaintiff was thereby damaged.  If any

9    of the above elements has not been proved, your verdict must

10   be for the Defendant on this claim.

11       Instruction 15:  If you find in favor of the

12   Plaintiff under one or more of Instructions 5, 6, 7, 8, 13,

13   and 14, then you must award the Plaintiff such sum as you find

14   will fairly and justly compensate the Plaintiff for any

15   damages you find the Plaintiff sustained as a direct result of

16   the Defendants' actions.

17       In addition to the -- Instruction 16:  In addition to

18   the damages mentioned in the other instructions, the law

19   permits the Jury under certain circumstances to award punitive

20   damages.  If you find in favor of the Plaintiff on any of his

21   claims against Defendants Daniel Isom, Reggie Harris, or

22   Michael Muxo, then you must decide whether the Defendant

23   against whom you found acted with malice or reckless

24   indifference to the Plaintiff's rights.  A Defendant acted

25   with malice or reckless indifference if the Defendant knew

1    that his actions were in violation of the law prohibiting race

2    discrimination or acted with reckless disregard of that law.

3    If you find that the Defendants acted with malice or reckless

4    indifference to the Plaintiff's rights, then in addition to

5    any other damages to which you find the Plaintiff entitled

6    against that Defendant, you may but are not required to award

7    the Plaintiff an additional amount as punitive damages for the

8    purposes of punishing a Defendant for engaging in such

9    misconduct and deterring a Defendant and others from engaging

10   in such misconduct in the future.  You should presume that the

11   Plaintiff has been made whole for his injuries by the damages

12   awarded under these instructions.

13          If you decide to award punitive damages, you should

14   consider the following in deciding the amount of punitive

15   damages to award.  One, how reprehensible the Defendant's

16   conduct was.  In this regard, you may consider whether there

17   was deceit, intentional malice, and reckless disregard for

18   Plaintiff's rights.  Two, how much harm the Defendant's

19   wrongful conduct caused the Plaintiff and could cause the

20   Plaintiff in the future.  Three, what amount of punitive

21   damages in addition to the other damages already awarded is

22   needed considering the Defendant's financial condition to

23   punish the Defendant for his wrongful conduct toward the

24   Plaintiff and to deter the Defendant and others from similar

25   wrongful conduct in the future.

1          The amount of any punitive damages award should bear

2     a reasonable relationship to the harm caused to the Plaintiff.

3     You may assess punitive damages against any or all Defendants,

4     or you may refuse to impose punitive damages.  If punitive

5     damages are assessed against more than one Defendant, the

6     amounts assessed against such Defendants may be the same or

7     they may be different.

8          So, at this time, we will have the closing arguments

9     of the lawyers, and at the -- after that is concluded, then I

10    will give you further instructions, and you will have the

11    instructions as well as the exhibits that have been introduced

12    as well as your notebooks with you in the jury room for your

13    deliberations.

14         Ms. Petruska, you may proceed.

15    (See previously filed Excerpt of Closing Arguments,

16    Document #105.)

17         THE COURT:  All right.  Now, members of the Jury, in

18    conducting your deliberations and returning your verdicts,

19    there's some rules you must follow, and I'll tell you those

20    now.  So, first, when you go to the jury room, you must select

21    one of your members as your foreperson, and that person will

22    preside over your discussions and speak for you here in court.

23    Second, it's your duty as jurors to discuss this case with one

24    another in the jury room.  You should try to reach agreement

25    if you can do so without violence to individual judgment

1   because a verdict must be unanimous.  Each of you must make

2   your own conscientious decision but only after you have

3   considered all the evidence, discussed it fully with your

4   fellow jurors, and listened to the views of your fellow

5   jurors.  Do not be afraid to change your opinions if the

6   discussion persuades you that you should, but do not come to a

7   decision simply because other jurors think it is right or

8   simply to reach a verdict.  Remember at all times that you are

9   not partisans.  You are judges, judges of the facts.  Your

10  sole interest is to seek the truth from the evidence in the

11  case.  Third, if you need to communicate with me during your

12  deliberations, you may send me a note, signed by one or more

13  jurors, by notifying the Court Security Officer who will be

14  posted outside the door.  Simply notify the Court Security

15  Officer that you have a note, and the clerk will then come and

16  get it, and I will respond as soon as possible either in

17  writing or orally in open court.  Remember you should not tell

18  anyone, including me, how your votes stand numerically.

19  Fourth, your verdict must be based solely on the evidence and

20  on the law which I have given to you in my instructions.  The

21  verdict must be unanimous.  Nothing I have said or done is

22  intended to suggest what your verdict should be.  That is

23  entirely for you to decide.  Finally, the verdict form is

24  simply the written notice of the decision that you reach in

25  this case.

1          We'll put it on; we'll show it to you now.  It reads

2   as follows.  It's got the caption of the case.  It says,

3   "Verdict," and then there's a note that says, "Complete the

4   following paragraphs by filling in the blanks as required by

5   your verdict.  Question or number one:  On Plaintiff's claim

6   of race discrimination, we find in favor of," and then there's

7   a blank for Plaintiff David Bonenberger or Defendant St. Louis

8   Board of Police Commissioners and then another line for the

9   Plaintiff and each one of the individual Defendants, Michael

10  Muxo, Reggie Harris, and Daniel Isom.  "Number two:  Answer

11  this question only if one or more of your findings in

12  paragraph one was in favor of Plaintiff.  Has it been proved

13  that the Defendants would not have transferred Plaintiff to

14  the position of Assistant Academy Director regardless of his

15  race?"  You answer that one either "Yes" or "No".  And then,

16  "Number three:  On Plaintiff's claim of conspiracy, we find in

17  favor of," and there are two lines.  The first, Plaintiff

18  David Bonenberger or Defendant Michael Muxo, and the second,

19  Plaintiff David Bonenberger or Defendant Reggie Harris.  So,

20  again, you fill those in with the name required from your

21  verdict.  Then there's another note, and it says, "Complete

22  the following paragraphs only if you found for Plaintiff on

23  one or more of the claims in paragraphs one or three -- and/or

24  three."  So then it says -- that says, "Four, we find

25  Plaintiff's actual damages to be," and there's a line, and it

1    says, "stating the amount or if none, write 'none'."  And then

2    number five, there's another note.  "Answer this question only

3    if you have awarded actual damages in paragraph four.  You may

4    not award punitive damages against any Defendant unless you

5    have first found against that Defendant and awarded Plaintiff

6    actual damages.  We assess punitive damages against Defendant

7    Michael Muxo as," blank and then "stating the amount or if

8    none, write the word 'none'.  We assess punitive damages

9    against Defendant Reggie L. Harris as," blank, "stating the

10   amount or if none, write the word 'none'."  And then, "We

11   assess punitive damages against Defendant Daniel Isom as,"

12   blank, "stating the amount or if none, write 'none'."

13          So you'll take this form with you to the jury room,

14   and when each of you has unanimously agreed on the verdicts,

15   your foreperson will fill in the form and sign and date it and

16   advise the Court Security Officer that you're ready to return

17   to the courtroom.  As I said, you will have the written

18   instructions as well as the verdict form.  You can take your

19   notebooks, and the exhibits will also be provided to you in

20   the jury room.

21       (The Jury began deliberations at 11:52 a.m.)

22       (The following proceedings were held outside the hearing

23   and presence of the Jury.)

24          THE COURT:  All right.  I'd like you all to remain in

25   the courtroom until the clerk comes back, so she can know

1   where you are.  We need you to be within no more than 10

2   minutes away.  We did order lunch for them.  I don't know if

3   it's -- when it will be coming, but, you know, so I mean I'm

4   sure they won't decide in the next five minutes, and if there

5   are any notes, I need you close so I can, you know, deal with

6   any notes or questions.  Okay?

7           MS. TUCKER:  Okay.

8           THE COURT:  All right.  And so thank you very much.

9       (Court recessed from 11:53 a.m. until 1:58 p.m.)

10      (The following proceedings were held outside the hearing

11   and presence of the Jury.)

12          THE COURT:  Let's go on the record.  Okay.  On the

13   record now.  At about 1:45, we received a note from the Jury,

14   and it says, "Judge Perry, number one, who pays damages and

15   punitive damages -- individuals or the police department?

16   Number two, is it permissible for the Jury to recommend that

17   the EEOC be present for all interviews for transfers and

18   promotions?  Number three, please explain or reword question

19   number two of the verdict sheets.  We're not clear why that

20   wasn't already answered in question number one."  It says,

21   "Thank you.  Foreperson, Allen Loesel," and so I have proposed

22   to the counsel that I provide the following answer in writing.

23   "Members of the Jury, you must make your decision based on the

24   evidence you have received and the instructions I gave you

25   previously.  I cannot answer the questions you ask.  Please

1    review the instructions you have been given and follow those

2    instructions."  Signed, "Judge Perry."  Is there any objection

3    from either side to my sending in that answer in response to

4    the question?

5           MS. PETRUSKA:  On behalf of Plaintiff, no, Your

6    Honor.

7           MS. TUCKER:  On behalf of defense, no.

8           THE COURT:  Okay.  That's what we'll send in.

9        (Court recessed from 2:00 p.m. until 2:41 p.m.)

10       (The following proceedings were held outside the hearing

11   and presence of the Jury.)

12          THE COURT:  Okay.  You can remain seated.  Okay.  So

13   back on the record, after we answered the jury question,

14   counsel continued to have some discussions about whether we

15   had provided the verdict form in the correct format, and I

16   came out and discussed it with both counsel informally off the

17   record and, after some discussion, told them I thought the way

18   we did it was correct and if they had anything specific they

19   wanted to ask and put on the record to let me know, and so now

20   I think the Plaintiffs do, so go right ahead.

21          MS. PETRUSKA:  Right.  My understanding was if we had

22   a recommendation we should tell you.

23          THE COURT:  Yeah.  I mean anything you want to say

24   because that was really just a -- it was an off-the-record

25   discussion.  Both sides were here, but if you think we've

1    screwed up these instructions and you think there's a way to

2    fix it, please let me know.

3            MS. PETRUSKA:  Judge, what we would propose after the

4    second question on the verdict form is that the note be

5    inserted that would say, "Complete the following paragraphs

6    only if your preceding -- only if your answer to the preceding

7    question is 'No'.  If you answered 'Yes' to the preceding

8    question, you should only consider Plaintiff's conspiracy

9    claim further," although I'm not sure that that works either

10   because of the combined form, but to make it -- to make it

11   clear that their work is done on the discrimination claim in

12   terms of damages if they don't find that the same decision

13   would have been made if race was -- was really the only

14   factor.  So that -- so that they understand that they're done

15   with that particular count if they -- if they don't find that

16   but they can still consider the conspiracy count.

17           THE COURT:  And why is it that we need to do that?

18           MS. PETRUSKA:  The reason -- the only reason we're

19   requesting it is because of the Jury's indication that there

20   is some confusion as to the purpose or why question two is

21   there and how it's different from question one, and I agree

22   with you; it's a legal issue as to how and why it's different

23   that goes to the issue of damages, but because of their

24   confusion, I think we need to give them some more direction as

25   to, you know, you're done with the conspiracy count if you

1    don't think the same decision would have been made only on the

2    basis of race but you can still consider this conspiracy

3    issue.

4              THE COURT:  And what do the Defendants think?

5              MS. TUCKER:  Your Honor, we take the position that

6    the response to the Jury's question was appropriate.

7              THE COURT:  Yeah.  I'm going to stick with the

8    response.  I'm not going to change the instructions now.  I do

9    think that under *Desert Palace versus Costa* the reason we ask

10   it in this way where we say, "Was race a motivating

11   factor?" -- if they say, yes, race was a motivating factor and

12   then we say, well, would they have made the same decision

13   anyway, I mean, the example would be if they had -- you know,

14   so they'd say -- the Jury could say based on this evidence --

15   not that Defendant put on a lot of evidence about why they

16   didn't want the Plaintiff for this job; they put on some

17   evidence about why they liked the other person, but, you know,

18   the Jury might think, well -- well, let me put this back.

19   There would be support for an argument that, "Yeah, race was a

20   motivating factor in the decision, but we wouldn't have given

21   the job to the Plaintiff anyway.  We would have hired somebody

22   else.  He wasn't going to get it anyway."  That's the

23   essential question in this case is --

24             MS. TUCKER:  Sure.

25             THE COURT:  -- is this Plaintiff damaged by this

1  action.  That's why it's in this structure, and that's based

2  on the *Desert Palace versus Costa* and the confusion that had

3  arisen, as I understand it, between direct evidence and mixed

4  motive cases and all of that, and this is how I think we've

5  been directed to submit these.

6          If the Jury were to -- forget we had the conspiracy

7  claim.

8          MS. TUCKER:  Sure.

9          THE COURT:  If the Jury were to find damages on this,

10  it wouldn't make any difference because the -- it would be for

11  naught because the Jury had already found that they wouldn't

12  have given the Plaintiff this job anyway, and so even if they

13  put damages in there, I could never enter a judgment giving

14  the Plaintiff damages because the Jury had found that

15  Defendants would not have transferred him to this position

16  regardless of his race.  So that, you know, you are concerned

17  that they want to give him damages, but if they can't answer

18  those questions in a way that under the law would give him

19  damages, then it doesn't matter what they want.  I admit that

20  it is -- it is very confused because we're submitting this

21  claim of conspiracy, and I -- you know, this whole issue of if

22  they could be liable for conspiracy if they're not also liable

23  for race discrimination is a good question.  I'm not sure that

24  that might -- perhaps, I should have not submitted that claim

25  to the Jury, but I did, so -- so I think it's correct and my

1   explanation of it may not be perfect, but I believe this is

2   the way.  I don't think there's anything confusing about it

3   other than the way these cases are normally confusing, and if

4   they went back and looked at that instruction, it talks about

5   motivating factor and it explains what that is, and someone

6   could logically understand it.  You know, "We would have made

7   this same decision anyway even if race wasn't a factor."

8         MS. PETRUSKA:  And our concern is the underlying

9   question is confusing.  I mean we've been talking about --

10        THE COURT:  What's confusing about the underlying

11  question, about would they have made the same decision?

12        MS. PETRUSKA:  I -- and maybe it's because I'm very

13  tired, but I keep looking at that, and I'm trying to figure

14  out if I answer that "Yes" or "No" to say that it's the same

15  decision, and we've talked about it because it's kind of

16  really the double negative thing, and that's why we had tried

17  to put it in the positive with respect to the same decision

18  really being the Angela Taylor thing.

19        THE COURT:  But that doesn't matter because Angela

20  Taylor is not a party to this lawsuit.  You know, whether she

21  would have gotten the job regardless of her race is not a

22  legal issue in this lawsuit because she's not a party to this

23  lawsuit.  The question is was the Plaintiff hurt by this

24  decision, and if they would have made the same decision anyway

25  and would not have given him this job, then it's the same

1   thing, so I -- so, anyhow, I'm sticking with the instructions

2   and the verdict form the way they are, and I'm denying your

3   request to change it at this point, and there are some

4   negatives in there, but it can't be, "Would they have given it

5   to Angela Taylor?" because what about Mr. Buckeridge?  Maybe

6   they would have given it to him.  The Plaintiff still would

7   not have been damaged at all, and so that wouldn't have had

8   anything to do with this Plaintiff's race, and the question is

9   was this Plaintiff denied this position because of his race.

10  He's the one suing.  That's the question.

11        MS. PETRUSKA:  And, Judge, if the Model Instruction

12  allowed us to ask it that way, I'd say that's clear.

13        THE COURT:  So, okay, well, like I told you before,

14  the models are just models, so.  Okay.  Well, we'll see what

15  they do with it, and, you know, like I say, maybe we'll all

16  have a lot of things to talk about.

17        MS. PETRUSKA:  Thank you, Your Honor.

18        MS. BARTH:  Thank you, Your Honor.

19        THE COURT:  Court's in recess.

20     (Court recessed from 2:49 p.m. until 3:48 p.m.)

21     (The following proceedings were held outside the hearing

22  and presence of the Jury.)

23        THE COURT:  All right.  I understand we have a

24  verdict, and so I will ask the clerk to bring the Jury into

25  the courtroom.

1          (The following proceedings were held within the hearing

2     and presence of the Jury.)

3          THE COURT:  All right.  You may be seated.

4     Mr. Loesel, I understand from your earlier note that you are

5     the foreman, is that correct?

6          JUROR #6:  Yes.

7          THE COURT:  And I've been told the Jury has a

8     verdict.  Is that correct?

9          JUROR #6:  Yes, Your Honor, we do.

10         THE COURT:  All right.  Would you hand your written

11    verdict form to the clerk, and she'll bring it to me.

12         All right.  I find that the verdict is in the proper

13    format, and so I will ask the clerk to publish it by reading

14    it aloud at this time.

15         THE CLERK:  On Plaintiff's claim of race

16    discrimination, we find in favor of Plaintiff David

17    Bonenberger and --

18         THE COURT:  Yeah, against --

19         THE CLERK:  -- oh, I'm sorry -- against the Defendant

20    St. Louis Board of Police Commissioners, for Plaintiff David

21    Bonenberger and against Defendant Michael Muxo, for Plaintiff

22    David Bonenberger and against Defendant Reggie L. Harris, for

23    Plaintiff David Bonenberger against Defendant Daniel W. Isom.

24         On number two, has it been proved that the Defendants

25    would not have transferred Plaintiff to the position of

1   Assistant Academy Director regardless of his race?  Answer

2   being no.

3           On number three, Plaintiff's claim of conspiracy, we

4   find in favor of Plaintiff David Bonenberger and against

5   Defendant Michael Muxo and in favor of Plaintiff David

6   Bonenberger and against Defendant Reggie L. Harris.  We find

7   Plaintiff's actual damages to be $200,000.  We assess punitive

8   damages against Defendant Michael Muxo as $100,000.  We assess

9   punitive damages against Defendant Reggie L. Harris as

10  $300,000, and we assess punitive damages against Defendant

11  Daniel Isom as $20,000, and it's been signed by the

12  foreperson, dated August 21st, 2013.

13          THE COURT:  Mr. Foreperson, are these the true

14  verdicts as have been read?

15          JUROR #6:  Yes, they are.

16          THE COURT:  Does either side wish to have the Jury

17  polled individually?

18          MS. TUCKER:  No, Your Honor.

19          THE COURT:  Okay.

20          MS. PETRUSKA:  No, Your Honor.

21          THE COURT:  All right.  Then as the verdict has been

22  returned, I will accept it and will enter judgment in

23  accordance with the Jury's verdict, and I now want to tell the

24  Jury that you are excused in this case.  I want to thank you

25  for your service in the case.  It's important you understand

 1   I'm thanking you for your service, not for your verdict.  I

 2   would say this no matter what your verdict had been.  I know

 3   that this was not an easy case to decide where you had such

 4   stark contrast in the testimony, and I also know that some of

 5   it, you know, might have gotten a little tedious as you were

 6   listening to it, and you all paid a lot of attention, and we

 7   appreciate that, and I know that you worked hard to do your

 8   job according to the law and the evidence, and so thank you

 9   for that.

10           Now I want to tell you some things about your

11   continuing rights and duties.  You know that instruction I've

12   been giving you that you can't talk about the case; you no

13   longer have to -- you're not bound by that anymore.  You can

14   talk to anybody you want to about the case.  You can say

15   anything you want about the case.  There's no limit on your

16   First Amendment rights.  We do have a rule in this court and

17   it's enforced that none of the parties nor the lawyers or

18   anybody associated with either side in the case can contact

19   you and ask you anything about the case.  That's not a limit

20   on your First Amendment rights.  If you want to talk to the

21   lawyers, you're free to call them up on the phone.  If you

22   want to know who they are, you can call Carol tomorrow and

23   she'll give you the names and phone numbers because lawyers

24   always like to hear from jurors, but you don't have to do that

25   at all.

```
 1              Now, this is not a case that's received much

 2    publicity as far as I know; however, there is a chance you

 3    might be contacted by the press.  Whether you respond to

 4    questions by the press -- and just so you know, we don't put

 5    your names out there, but they seem to have ways of finding

 6    out.  Whether you get contacted by the press and whether you

 7    answer any questions is entirely up to you.  You can say, "I'd

 8    rather not talk to you"; you can say, "I want to talk to you,"

 9    whatever you think.  There are no limits, and so that's, you

10    know, what you should know.  You should know, though, nobody

11    but me can ever make you talk about the case or your

12    deliberations in the case, and although I have that power,

13    I've only exercised it once in 23 years as a judge, so it's

14    very rare.  And so if anybody should try to say, "Oh, you have

15    to answer my questions," you don't.  The one thing about

16    publicity -- and I don't think this is going to happen in this

17    case, but when I see jurors on television and they start

18    talking about what they did in the case, the only thing that

19    bothers me is when one juror starts pointing the finger at

20    another juror and says, "Oh, well, I was going to do this, but

21    juror so-and-so, she wouldn't listen to reason or whatever."

22    Then it seems like you're not respecting one another's

23    privacy.  That's just -- but that's, again, just my feeling.

24    So think about if you're going to talk about what somebody

25    else did in the jury room whether you -- you know, think about
```

1   their privacy interests, but you can answer questions or not

2   answer questions.

3         If you want to ask me any questions, there are some

4   questions I can answer and some I can't, but I would be glad

5   to answer any questions if you have any, and I can meet you in

6   the jury room to do that if you want to.  You don't have to do

7   that.  You can just leave if you're ready to leave.

8         So with that said, I want to thank you for your

9   service, and Carol will meet you in the jury room with your

10  slips, and thank you again.

11     (The following proceedings were held outside the hearing

12  and presence of the Jury.)

13        THE COURT:  All right.  Because of the request for

14  equitable relief, we're not ready to actually enter a judgment

15  yet since there is a request prayed for for equitable relief.

16  I meant to ask you earlier how you wish to proceed on that.

17  Do you know at this point if you wish to present any

18  additional evidence or simply argument, in which case I'll

19  schedule argument or have you brief it for another time?

20        MS. PETRUSKA:  I assumed, Judge, you would probably

21  have us brief it because -- I mean it was an intentional

22  discrimination case, so I don't think there needs to be any

23  additional evidence on that particular issue, but I assume

24  that the Court might want some additional briefing on that

25  because I don't think there's a lot of law around that issue.

1    I tried to give you what I could find.

2              THE COURT:  Right.  Part of it depends on what you're

3    asking for.

4              MS. PETRUSKA:  Right.

5              THE COURT:  And so what I will do is -- how soon can

6    you have a brief telling me what you're asking for and why you

7    believe you're entitled to it, and then I'll give the

8    Defendants a chance to respond.  In terms of additional relief

9    other than just the money judgment.

10             MS. PETRUSKA:  Yes.

11             THE COURT:  So do you need a week or 10 days or --

12             MS. PETRUSKA:  Ten days, Judge.

13             THE COURT:  Okay.  So, yeah, how about -- well, I'm

14   not entering the judgment.

15             MS. PETRUSKA:  Right.  That's what I was saying.  She

16   was asking, "Why didn't you ask for more time?"  And I was

17   thinking, oh, because I thought 30 days, and then I realized

18   it didn't apply.

19             MS. BARTH:  That's because she has another appeal

20   due.  That's all.

21             THE COURT:  Okay.  What about September 13th?

22             MS. PETRUSKA:  That's fine, Your Honor.

23             THE COURT:  Okay.  And then how long does the

24   Defendant want to have to file a response?  Do you need --

25             MS. TUCKER:  Same time.

```
 1          THE COURT:  Okay.  So how about -- how about the

 2    27th?  That's two weeks.

 3          MS. TUCKER:  27th?

 4          THE COURT:  Yeah, September 27th.

 5          MS. TUCKER:  Yes.

 6          THE COURT:  Yes, September 27th.

 7          MS. BARTH:  September 27th?

 8          THE COURT:  Yeah.  And if the Plaintiffs think a

 9    reply brief is in order, you'll have one week, October 4th.

10          MS. BARTH:  October 4th.

11          THE COURT:  Yeah.  So September 13th for the motion,

12    and call it a motion and file a memorandum, so a motion for

13    whatever equitable relief you want.  If you decide that all

14    you want is a money judgment, that's easy, you can tell me

15    that, and then we don't have to have any further briefing.  I

16    could just enter the money judgment in accordance with the

17    Jury's verdict.  But assuming you do want equitable relief of

18    some sort, then you should say in the motion for equitable

19    relief exactly what you want.  If the equitable relief is

20    something like some kind of instatement into a job or

21    something like that and if the Defendant thinks that's

22    something on which you would like to present evidence, then

23    tell me that in your brief because I know in some cases -- and

24    this is not a reinstatement case, but in some cases, we have

25    heard evidence on whether reinstatement is practical.  I'm
```

1    just thinking of analogies.  It depends on what the Plaintiff

2    asks for, and so I don't know.  Maybe they'll just say the

3    money judgment is all we want, but that's what we're going to

4    do.  That's the briefing schedule.

5            Please talk to the clerk about your exhibits, and

6    I'll wait to hear from you.  So no judgment will be entered

7    until we clean up the equitable relief, so that then there

8    will be one judgment that would wrap up everything.  Okay.

9    Any questions?

10           MS. PETRUSKA:  Thank you, Your Honor.

11           THE COURT:  All right.  So court's in recess.

12       (Proceedings concluded at 4:00 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>CERTIFICATE</u>


I, Gayle D. Madden, Registered Diplomate Reporter and
Certified Realtime Reporter, hereby certify that I am a duly
appointed Official Court Reporter of the United States
District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and
accurate transcript of the proceedings held in the
above-entitled case and that said transcript is a true and
correct transcription of my stenographic notes.

I further certify that this transcript contains pages
1 through 33 inclusive.

Dated at St. Louis, Missouri, this 8th day of
September, 2014.


_____

/s/ Gayle D. Madden

GAYLE D. MADDEN, CSR, RDR, CRR

Official Court Reporter